Edward J. Pollos, J.
An information alleging the defendant violated the provisions of subdivision 1 of section 575 of the Labor Law and section 472.3 of the Industrial Commissioner’s regulations (12 NYCRR 472.3) in that the defendant failed to *732 file unemployment insurance contribution reports for certain specified periods was returnable in the arraignment part of this court at which time the defendant corporation failed to appear. The file disclosed that the defendant was served with a summons that stated a complaint had been made by a named tax auditor and advising the defendant that upon its failure to appear it would be liable to a fine ‘ ‘ not exceeding twenty-five dollars. ’ ’
On the return date the Assistant Attorney-General moved for judgment against the defendant pursuant to the provisions of section 681 of the Code of Criminal Procedure and the assessment of a fine of not less than $100 as provided by section 213 of the Labor Law.
Section 681 of the Code of Criminal Procedure is entitled ££ Bringing an indicted corporation into court ” (emphasis supplied) and the first sentence begins: “ When an indictment is filed against any corporation ’ ’. Subdivision 1 of the section spells out the form of the summons to be used in a criminal proceeding against a corporation and it says the defendant is summoned to 1 £ answer an indictment filed against you by the grand jury of this county on the - day of - * * * and in case of your failure to so appear and answer, judgment will be pronounced against you.”
Subdivision 2 of the said section specifies the manner of service and says ‘ ‘ if the corporation does not appear in the manner and at the time and pláce specified in the summons, judgment must be pronounced against it.” It is this subdivision upon which the Attorney-General makes his motion for judgment.
While there is some judicial discretion in the interpretation and application of statutory law it only exists when there is some ambiguity in the statute as enacted.
No such ambiguity in the statute exists here. It is abundantly clear that the power of the court to, in effect, find a corporation guilty and fine it in absentia is predicated on an indictment and not on an information. As a matter of fact the entire proceedings against a corporation in a criminal matter as set forth in chapter IX of the Code of Criminal Procedure cast doubt upon the jurisdiction of a Court of Special Sessions to try such matters at all.
However, it is not necessary to make that decision in this case. Clearly the content of section 681, as well as the summons issued, in this matter, requires the denial of the motion for judgment and it is so denied.